**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HORIZON GROUP MANAGEMENT, LLC, | ) | Hon. A. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | Case No. 1:14-bk-41230 |
| | ) | |
| | ) | Hearing Date: July 1, 2015 |
| | ) | Hearing Time: 10:30 a.m. |

**DEBTOR'S RESPONSE IN OPPOSITION TO MOTION TO ALTER OR
AMEND OR, IN THE ALTERNATIVE, FOR RELIEF FROM ORDER
AUTHORIZING (I) SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S
ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND
(II) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND GRANTING RELATED RELIEF**

Horizon Group Management, LLC (the "Debtor"), the above-captioned debtor and debtor in possession (at the time of the sale hearing), hereby responds in opposition to the Motion to Alter or Amend or, in the Alternative, for Relief from Order Authorizing (I) Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims and Interests and (II) the Assumption and Assignment of Executory Contracts and Unexpired Leases, and Granting Related Relief [Docket No. 71] (the "Motion") filed by The Law Offices of Edward T. Joyce & Associates, P.C. and the Law Offices of Jeffrey S. Sobek, P.C.'s (collectively, "Class Counsel"), in the Debtor's bankruptcy case (the "Case"). In support, the Debtor states as follows:

**I.      Introduction**

1.      Class Counsel asks this Court to alter or amend its order approving the free and clear sale of substantially all of the Debtor's assets and the assumption and assignment of certain executory contracts. It offers two reasons. First, Class Counsel accuses the Court of failing to fully consider the purported import of the assumption and assignment of the Management Agreement at the sale hearing. Motion ¶ 8. Second, Class Counsel argues that "newly discovered evidence"

\{11106-001 RESP A0408664.DOCX\}

regarding Daniel Michael's alleged intent *in commencing the Debtor's chapter 11 case* somehow vitiates the Court's following findings with respect to a new company formed by Jeff Michael to acquire the Debtor's assets, *see id.*:

- The Buyer recognized that the Debtor was free to deal with any other party interested in purchasing the Assets;

- The Buyer disclosed all payments to be made by it in connection with the Sale;

- The Buyer negotiated the Purchase Agreement in good faith;

- The Buyer was separately represented by competent counsel of its choosing;

- The Buyer has not acted in a collusive manner with any person;

- Jeffrey Michael did not participate in the Debtor's decision-making regarding the Sale and the Purchase Agreement, including without limitation the determination of what price for the Assets would be acceptable to the Debtor, as those decisions were made solely by the Debtor's Manager and owner, Daniel Michael;

- Based on the foregoing, the Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and is entitled to all of the protections afforded thereby;

- In the absence of a stay pending appeal, the Buyer will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the sale at any time after entry of this Order;

- The Buyer's consideration for the Debtor's assets (i) is fair and reasonable; (ii) is the highest or otherwise best offer for such assets; (iii) will provide a greater recovery for the estate's creditors, the holders of equity interests in the Debtor and other interested parties than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and otherwise applicable law.

Sale Order ¶¶ J, K. Frankly, Class Counsel's "evidence" does not even remotely describe the manner in which the Debtor's bankruptcy case has actually proceeded, let alone mention any sale under section 363. Therefore, even if Exhibit 1 to the Motion were not hearsay and speculative—and it suffers from both of those problems—it does absolutely nothing to disturb this Court's findings with respect to the sale that actually occurred after notice and a hearing in which Class Counsel participated.

2. Although Class Counsel moves to alter or amend the sale order under both Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023, and Fed. R. Civ. P. 60, made applicable by Fed. R. Bankr. P. 9024, the Motion is actually under Rule 59(e) because it was brought within 14 days of the Court's entry of the sale order. *In re Zoll*, 2012 WL 295168, at *6 (Bankr. N.D. Ill. Feb. 1, 2012). Alteration of the sale order is not appropriate under Rule 59(e), which "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the…court prior to the judgment." *APX Filtration, Inc. v. Becker*, 646 F. Supp. 2d 1000, 1003-04 (N.D. Ill. 2009) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir.2000)). Yet that is exactly what Class Counsel is trying to do through the Motion. Although its new arguments are without merit, they could and should have been raised at the sale hearing. Class Counsel now recasts its failure to diligently conduct discovery and make timely arguments as the Court's manifest error in approving the assumption and assignment of the Management Agreement and finding that the sale was in good faith. The Court made no such error, and the Motion should be denied.

**II.   Background**

3. The Debtor is a family-owned and operated apartment leasing and property management company. As of its petition date, it employed 28 salaried and 63 hourly employees and managed approximately 25 properties. Although it is family-owned, its Chief Operating Officer, Jeff Michael, is the only Michael family member who is a paid employee of the Debtor.

4. The Debtor does not own any real estate. Before the sale of its operating assets in this Case, the Debtor managed properties and entered into lease agreements as agent for the property owners.

5. As of the petition date, the Debtor's personal property primarily comprised of two pickup trucks, office equipment and furniture. In the Debtor's Schedule B, the Debtor estimated that the aggregate value of such property was $61,000, though it believed that the actual net realizable value of its office furniture and equipment would be substantially less than its depreciated book value that was shown in its Schedule B.

6. Although the Debtor primarily managed properties of related entities, the Debtor maintained separate books and records and did not commingle any accounts. The Debtor also tracked all related party receivables or payables. The Debtor managed approximately 1500 rental units pursuant to the terms of a management agreement with the property owners.

7. From the outset of this Case, the Debtor openly expressed its belief that the chapter 11 process provided it with the most efficient and effective platform to maximize the value of its assets as a going concern. After consideration of various restructuring and sale alternatives, the Debtor's Manager determined that the sale of the Debtor's operating assets to an entity formed and established by Jeff Michael both maximized the value of those assets and provided the best opportunity to preserve the jobs of its 91 employees. Indeed, the cash sum of $75,000 was a premium over the estimated value of the assets.

8. From the very beginning of this Case in November 2014, Class Counsel has openly contended that the Case was filed in bad faith, which the Debtor has disputed and continues to dispute. It was not until January 2015 that Class Counsel finally commenced activity in furtherance of its allegations by filing its motion to examine the Debtor and various third parties [Docket No. 35]. Without any opposition from the Debtor, the Court entered an order on January 13, 2015, authorizing Class Counsel's requested examinations with respect to the Debtor [Docket No. 38].

On February 11, 2015, the Court also entered an order authorizing the issuance of a Rule 2004 subpoena to the Debtor's bank, The Northern Trust Company [Docket No. 46].

9. On February 15, 2015, pursuant to an agreement with Class Counsel regarding the scope of documents to be produced, the Debtor produced numerous documents, including the Management Agreement.[1] Class Counsel has made various supplemental requests for specified documents from the Debtor, and the Debtor believes that it has produced all such responsive documents in its possession.

10. On February 27, 2015, the Debtor filed its motion to authorize the sale of substantially all of its assets and to assume and assign certain executory contracts, including the Management Agreement [Docket No. 49] (the "Sale Motion"). The Sale Motion was served on the same day it was filed and was noticed for hearing on March 18, 2015 (the "Sale Hearing").

11. Notably, Class Counsel did not file any objection to the Sale Motion. Less than a week before the Sale Hearing, Class Counsel filed its motion to dismiss the Case [Docket No. 55] (the "Motion to Dismiss").

12. At the Sale Hearing, Class Counsel only raised one issue regarding the Sale Motion as follows:

> THE COURT: … Who has issues or concerns with the sale motion that they would like to raise?
>
> MR. BAUCH: Your Honor, we have slight issues, and, again, I've heard counsel's statements.
>
> The big concern here is this is devised to try and effectively get a release for certain parties indirectly, and the concern is *Superior Toy*, which basically says once you assume a contract, you pretty much release any claims against the other parties…. I think the sale could be approved as long as there is a very clear carve out.

---

[1] Before the commencement of this Case, the Debtor had already provided Class Counsel with an unsigned copy of the Management Agreement.

Transcript at 6, *In re Horizon Group Mgmt., LLC*, No. 14 B 41230 (March 18, 2015) ("Sale Tr."). Resolving Class Counsel's sole oral objection at the Sale Hearing, the affected parties agreed to such a carve-out in the Order approving the Sale Motion [Docket No. 64] (the "Sale Order").

13. At the Sale Hearing, the Court separately raised an issue regarding a requested finding that the sale was an arm's length transaction, notwithstanding that it was a sale to an insider, which led into a discussion regarding the requested good faith finding with respect to the sale. Sale Tr. at 9-10. Class Counsel then reiterated its argument that the entire case should be dismissed for bad faith, as set forth in the Motion to Dismiss. Sale Tr. at 11-12 (noting that the sale of the assets could proceed but expressing concern that parties would "bootstrap some sort of good faith argument on the case"). Noting that "a finding with respect to 363(m) or (n) is limited to the 363 sale itself," Sale Tr. at 12, this Court also observed and stated to Class Counsel that "it doesn't appear that you're actually objecting to this finding in the context of the sale, which is all that is being sought in the order." Sale Tr. at 12-13. Class Counsel did not dispute the Court's observation and instead acknowledged that the proposed sale order could be entered with some carve-out language. Sale Tr. at 13. The Court therefore granted the Sale Motion subject to its normal "draft order to follow" rules. Sale Tr. at 14-15.

14. Although the sale of assets to an insider maximized value, the Debtor never sought to provide any insiders with any releases or other benefits. Any and all avoidance actions under Chapter 5 of the Bankruptcy Code, and any claims of the Debtor against its members, managers, directors and/or officers, were expressly preserved for the benefit of the Debtor's estate in the Sale Order. Although the Debtor did not believe that it had any valuable claims against the counterparties to contracts to be assumed and assigned, including the Management Agreement, when Class Counsel raised its concern at the Sale Hearing, the Debtor and other affected parties

agreed to a carve out in the Sale Order to clarify that no such claims would be released by the Debtor's estate.

15. Despite the fact that the Sale Order included the carve out language that Class Counsel requested at the Sale Hearing, Class Counsel was no longer interested in an order that reflected the results of the Sale Hearing and was instead apparently thinking of new arguments that were not raised and argued during the Sale Hearing. For the first time during the "draft order to follow" call for the Sale Motion on April 1, 2015, Class Counsel argued that the Management Agreement should not be assumed and assigned at all but should instead be terminated. Noting that "this is not a rolling hearing" and the "draft order to follow" call was not the time or place to raise new arguments regarding the Sale Motion that had already been granted, the Court entered the Sale Order.

16. Moreover, despite Class Counsel's unwillingness to agree to any carve out language after the Sale Hearing (in an apparent attempt to distance itself from its prior agreement) and the Court's expressed willingness to enter the originally proposed sale order, the Debtor and other affected parties nonetheless agreed to the Sale Order that included Class Counsel's originally requested carve out language.

**III.    There Is No Basis to Alter or Amend the Sale Order.**

17. Class Counsel seeks alteration of the Sale Order based solely on arguments and evidence that were previously available to it, but were either not raised or were addressed and ruled upon at the Sale Hearing. No manifest error of fact or law by the Court occurred, and no "newly discovered evidence," that is evidence unavailable to Class Counsel prior to the Sale Hearing, is now being offered by it with respect to the sale.

18. Motions for reconsideration cannot be used to introduce new legal theories for the first time, or to raise legal arguments which could have been heard during the pendency of the previous motion. *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 867 (7th Cir. 1996) ("A Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to the entry of final judgment."); *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992).

19. In its Motion, Class Counsel inexplicably again raises an argument regarding the alleged bad faith filing of the Case, which it acknowledged at the Sale Hearing was distinct from the good faith findings regarding the sale itself. Sale Tr. at 12-13. Class Counsel also raises a new and misinformed argument regarding an interpretation of the Management Agreement, which argument it could have made at the time of the Sale Hearing. Class Counsel's new argument, however, was not raised at the Sale Hearing and was instead raised for the first time at the "draft order to follow" hearing during which the Court informed Class Counsel it was inappropriate and too late to raise new arguments. It is no more appropriate to now file a motion to reconsider to rehash its bad faith argument or present its new argument that could and should have been, but was not, raised at the Sale Hearing. *See*, *e.g.*, *Jefferson v. Sec. Pac. Fin. Servs., Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995) (Castillo, J.) (stating that "a motion to reconsider should not seek an 'instant replay'"); *Amoco Cadiz*, 794 F. Supp. at 267 ("motions to reconsider are not at the disposal of parties who want to "rehash" old arguments"); see also *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 944-45 (N.D. Ill. 2001) (Alesia, J.) (collecting cases).

20. As explained by District Judge Dow in his summary of Seventh Circuit law governing Rule 59 motions, such requests for relief serve a narrow purpose and relief under that Rule is available in extremely limited circumstances:

> It is well established, however, that motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. In regard to the manifest error prong, the Seventh Circuit has explained that a motion to reconsider is proper only when the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. And with respect to newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered or produced such evidence during the pendency of the motion.

*Almy v. Kickert School Bus Line, Inc.*, 2013 WL 80367, at *8 (N.D. Ill. Jan. 7, 2013) (citations, internal quotation marks and parenthetical material omitted). *See also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (movant must show a "wholesale disregard, misapplication, or failure to recognize controlling precedent"); *Keene Corp. v. Internat'l. Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984). To succeed on a Rule 59(e) motion, "the movant must 'clearly establish' one of the aforementioned grounds for relief." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). Here, Class Counsel does not clearly establish any ground for relief from the Sale Order.

21. The Motion completely fails to allege any facts or authority that would qualify Class Counsel for the relief it seeks under Rule 59. Indeed, the cases upon which Class Counsel relies do not dictate the result it seeks in its Motion. Despite Class Counsel's assertion that it was a manifest error of fact and law to approve the assumption and assignment of the Management Agreement, Class Counsel's assertion rests upon two mistaken premises. First, the Court did not

and could not have disregarded, misapplied or failed to recognize any controlling precedent, because Class Counsel never made any such objection or presented any such precedent. Indeed, Class Counsel still does not present any such controlling precedent. Second, Class Counsel's argument regarding the Management Agreement misinterprets its terms in any event. The Debtor cannot simply collect from the contract counterparties to pay Class Counsel's claim.

22. With respect to Class Counsel's newly discovered evidence, Class Counsel's argument has similarly fatal flaws. The Northern Trust email does not discuss a sale at all and, if anything, relates to Class Counsel's argument that *the Case* was filed in bad faith, which the Debtor disputes. That question, however, is still pending with respect to the Motion to Dismiss.[2] At the Sale Hearing, this Court ruled and Class Counsel acknowledged that the issue of bad faith as set forth in its Motion to Dismiss is entirely distinct from the good faith nature of the sale and the Court's related findings in the Sale Order. Class Counsel cannot now be heard to complain otherwise.

23. Moreover, Class Counsel cannot reasonably contend that it could not with reasonable diligence have obtained the email from Northern Trust before the Sale Hearing. It had the time and opportunity; it just didn't try to get documents from Northern Trust before the Sale Hearing. Class Counsel was instead focused on its Motion to Dismiss. It is now too late to present any such "new evidence" to the Court. *See In re Zoll*, 2012 WL 295168, at *6-*7 (Bankr. N.D. Ill. Feb. 1, 2012). The Sale Motion was filed more than three months after the petition date, and the Sale Hearing occurred more than four months after the petition date. Class Counsel has been alleging since the beginning of this Case, and the Debtor has disputed and continues to dispute, that this Case was filed in bad faith. Class Counsel did not file any objection to the Sale Motion

---

[2] For the reasons set forth in the Debtor's response to the Motion to Dismiss, this Case was not filed in bad faith.

and instead chose to file its Motion to Dismiss for bad faith. Class Counsel cannot now rewrite history, and further, there is no basis to change the result in any event. The Court did not make any errors and, consequently, the Motion must be denied.

24. The Seventh Circuit has repeatedly emphasized the importance of finality with respect to bankruptcy sales. *See*, *e.g.*, *In re Edwards*, 962 F.2d 641, 645 (7th Cir. 1992); *In re Andy Frain Servs., Inc.*, 798 F.2d 1113, 1125 (7th Cir. 1986). The Seventh Circuit has also long held that there is nothing wrong with selling a bankrupt debtor's assets to an insider provided there is proper disclosure. *Hower v. Molding Sys. Eng'g Corp.*, 445 F.3d 935, 939 (7th Cir. 2006); *In re Firstmark Corp.*, 46 F.3d 653, 656 (7th Cir. 1995); *Andy Frain*, 798 F.2d at 1125. The burden rested with Class Counsel to prove bad faith or to otherwise disrupt the Court's good faith findings in the Sale Order. *Hower*, 445 F.3d at 939. Here, Class Counsel has not even come close to satisfying its heavy burden. The Debtor fully disclosed connections with the buyer in the Sale Motion and, at the Sale Hearing, except for demanding carve-out language to preserve claims, Class Counsel did not challenge the good faith basis for the sale or the amount of the purchase price paid for the assets. Even now, Class Counsel has provided no evidence indicating any misconduct with respect to the sale. Nor could it produce any such evidence. The sale has closed and the time for Class Counsel to produce any evidence in opposition to the sale has long since passed. The Motion should be denied accordingly.

**IV.    Conclusion**

25. For all of the foregoing reasons, Class Counsel has not established that it is entitled to any alteration of amendment of the Sale Order, and the Debtor respectfully requests that the Court deny the Motion and grant such other just and appropriate relief.

                                                  Respectfully submitted,

Dated: June 12, 2015                 HORIZON GROUP MANAGEMENT, LLC

                                                  By    /s/ *Mark L. Radtke*
                                                         One of its attorneys

Robert M. Fishman (#3124316)
Mark L. Radtke (#6275738)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Il 60654
Phone: (312) 541-0151
Fax: (312) 980-3888
rfishman@shawfishman.com
mradtke@shawfishman.com

*Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

Mark L. Radtke certifies that he caused to be served the above and foregoing notice and attached motion upon the following list in the manner so indicated on this 12th day of June, 2015.

*/s/ Mark L. Radtke*

**Mailing Information for Case 14-41230**

**Electronic Mail Notice List**

- Paul M Bauch pbauch@bauch-michaels.com, smohan@bauch-michaels.com
- Stephen T. Bobo sbobo@reedsmith.com
- Aaron B Chapin achapin@reedsmith.com
- Robert M Fishman rfishman@shawfishman.com, kjanecki@shawfishman.com
- Kenneth Flaxman kflaxman@joycelaw.com, etjfirmdocket@yahoo.com; yanderson@joycelaw.com
- David J. Gold dgold@perkinscoie.com, jmatamoros@perkinscoie.com
- Edward T Joyce ejoyce@joycelaw.com, ycameron@joycelaw.com; jschrader@joycelaw.com; jdoherty@joycelaw.com; etjfirmdocket@yahoo.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Andrew J. Maxwell maxwellawchicago@yahoo.com; amaxwell@ecf.epiqsystems.com; trustee@maxwellandpotts.com; cjcapo@maxwellandpotts.com; marchfirst_trustee@hotmail.com
- Kenneth A. Michaels, Jr kmichaels@bauch-michaels.com, pbauch@bauch-michaels.com
- Mark L Radtke mradtke@shawfishman.com, jbunton@shawfishman.com
- Mark S Reiser mreiser@shawfishman.com, mlites@shawfishman.com
- Carolina Y Sales csales@bauch-michaels.com
- Jeffrey Sobek jeffs@jsslawoffices.com
- Daniel A Zazove docketchi@perkinscoie.com