**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HORIZON GROUP MANAGEMENT, LLC, | ) | Hon. A. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | Case No. 14-41230 |

**REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND OR, IN THE ALTERNATIVE, FOR RELIEF FROM ORDER AUTHORIZING (I) SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND (II) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND GRANTING RELATED RELIEF**

The Law Offices of Edward T. Joyce & Associates, P.C. (the "Joyce Firm") and The Law Offices of Jeffrey S. Sobek, P.C. ("JS Law") (collectively, "Class Counsel" or the "Creditors"), by and through their attorneys, pursuant to Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, submit this reply in support of their *Motion for Entry of an Order Altering or Amending, or Granting Relief from, the Order Authorizing (I) Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims and Interests and (II) the Assumption and Assignment of Executory Contracts and Unexpired Leases, and Granting Related Relief* (the "Order") [ECF No. 64].

**REPLY ARGUMENT**[1]

1. The Motion does not seek to overturn the sale Debtor's nominal assets: used office equipment and a couple of used trucks for $75,000. As the Debtor's

---

[1] A more complete history of the Debtor and the events leading to the filing of the Chapter 11 case is set forth in the Motion to Dismiss [ECF No. 55] and the Motion [ECF No. 71].

manager acknowledged, the Debtor itself has "no real assets." The Debtor operated solely as an agent and is an alter ego of the Horizon Group Companies and the Michael family's interests. The bankruptcy estate's only real assets are claims against the Horizon Group Companies under the Management Agreement and claims against the Michael family for fraudulent transfers and as alter egos of the Debtor. The Debtor unequivocally refused to pursue any such claims. In fact, it surreptitiously sought to release these claims through the sale of the estate's assets and the assumption of the Management Agreement. *See, e.g., In re Kiwi Int'l Air Lines, Inc.,* 344 F.3d 311 (3d Cir. 2003).

2. The Motion simply seeks to vacate any good faith findings based upon the overwhelming evidence that the Debtor's insiders devised a scheme to defraud Class Counsel and, for the purposes of executing such scheme, filed the petition under Chapter 11 that initiated this case. The law prohibits such schemes. *United States v. Middlebrook*, 553 F.3d 572 (7th Cir. Ill. 2009); *United States v. Persfull*, 660 F.3d 286 (7th Cir. Ill. 2011). Any bankruptcy that is the product of such a scheme cannot be found to be conducted in good faith, whether the scheme is ultimately successful is not relevant. *United States v. McBride*, 362 F.3d 360 (6th Cir. 2004).

3. The gist of the Debtor and the insider purchaser's response is that Class Counsel exposed the scheme at the time of the hearing and averted any injury to the estate by forcing the claim retention and carve out language into the Order, thereby preventing the Debtor from indirectly securing releases for the benefit of its

insiders by assuming and assigning the Management Agreement. In sum, the Debtor argues that since the scheme was thwarted the sale should be found to have been in good faith.

4. The Motion raises the question of whether a Debtor's sale can ever be in "good faith" where it is part of a bad faith scheme to abuse the bankruptcy process to gain a litigation advantage for nondebtors. The Debtor has continued to deny an improper purpose in filing the Chapter 11 and specifically continues to deny that the Debtor filed the case to gain a strategic advantage in the Class Action.

5. Class Counsel diligently pursued discovery against the Debtor, the Horizon Group Companies and the Northern Trust. In particular, Class Counsel served subpoenas on the Northern Trust Bank, negotiated a reduction in the scope of the subpoena, and then repeatedly pestered Northern Trust regarding its delays relating to its document production. Thus, Class Counsel exercised diligence in pursuing the discovery from Northern Trust Bank. As reflected in the production, the Northern Trust Bank's delays were understandable, given the disclosure that it colluded with the Debtor's insiders in providing false financial information to the state court.

6. The Northern Trust Bank documents, which have now been authenticated by the bank's witness, are newly discovered evidence that bears directly on the issue of the Debtor's good faith in connection with the sale and assumption and assignment, i.e., Daniel Michael's scheme to "pull the management

3

company out of bankruptcy." The court should reconsider the good faith findings based upon the Daniel Michael's admissions that the Debtor filed the Chapter 11 case as a "maneuver" to coerce a modification of the settlement and that the sale, assumption and assignment transactions were part of the scheme.

7. With respect to the assumption and assignment of the Management Agreement, the Debtor presented no evidence that the assumption and assignment of the Management Agreement was in the best interests of the estate, or that the decision to assume or assign the Management Agreement was the product of disinterested business judgment. In fact, the Debtor presented no evidence in support of the assumption and assignment, including tendering the Management Agreement for the Court's review. During the course of the negotiation of the carve-out language, Class Counsel determined that there was in fact no logical reason to assume and assign the Management Agreement and requested that the Management Agreement simply be terminated. Both the Debtor and the purchaser refused this request. The Management Agreement was effectively terminable at will, the Horizon Group Companies had no claims against the Debtor under the Management Agreement, and the Debtor has claims against the Horizon Group Companies under the Management Agreement. Therefore, Class Counsel determined that it would be in the best interests of the estate that the Management Agreement be terminated by the Debtor under applicable nonbankruptcy law and the estate retain all claims under the Management Agreement as provided therein. The Debtor and the Purchaser do no seriously challenge this evidence. The Horizon

Group Companies and the Purchaser were (and are) free to enter into any agreement they wish with respect to the management of the Horizon Group Companies' properties. The only purpose for the assumption and assignment of the Management Agreement was to attempt to create defenses to claims by the estate against the Horizon Group Companies.

8. The Debtor was required to demonstrate that its decision to assume and assign the Management Agreement was the result of a proper exercise of business judgment and that such assumption and assignment was in the best interests of the estate. *See, e.g. In re Midwest Polychem, Ltd.*, 61 B.R. 559 (Bankr. N.D. Ill. 1986) (Party supporting assumption or rejection must show that such action is in best interests of the estate.). In order to establish a proper exercise of business judgement, the Debtor must show that the decision to assume and assign the Management Agreement was "on an informed basis, in good faith, and with the honest belief that the course taken was in the best interest of the corporation. *Ferris Elevator Co., Inc. v. Neffco, Inc.,* 285 Ill. App. 3d 350, 354, 674 N.E.2d 449, 452, 220 Ill. Dec. 906 (3d Dist. 1996) (citations omitted)." *Krol v. Wilcek (In re H. King & Assocs.),* 295 B.R. 246, 275 (Bankr. N.D. Ill. 2003)

9. The Debtor's response does not attempt to articulate how the decision to assume and assign the Management Agreement was in the best interests of the estate. As described, the assumption and assignment of the Management Agreement was not in the best interests of the estate. The Court should similarly

5

vacate the portion of the Order approving the assumption and assignment of the Management Agreement.

.

Dated: June 22, 2015            THE LAW OFFICES OF EDWARD T. JOYCE & ASSOCIATES, P.C. and THE LAW OFFICES OF JEFFREY S. SOBEK, P.C.

                                         By: /s/ Paul M. Bauch
                                                One of Their Attorneys

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel.: (312) 588-5000
Fax: (312) 427-5709