# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HORIZON GROUP MANAGEMENT, LLC, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | Case No. 14-41230 |
| | ) | |
| | ) | Hearing Date: July 29, 2015 |
| | ) | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday, July 29, 2015 at 10:00 a.m.,** the undersigned shall appear before the Honorable Timothy A. Barnes, in Courtroom 613, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF**, at which time and place you may appear if you so desire.

Respectfully submitted,

Dated: July 8, 2015

By    /s/ *Mark L. Radtke*

Robert M. Fishman (#3124316)
Mark L. Radtke (#6275738)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Il  60654
Phone: (312) 541-0151
Fax: (312) 980-3888
rfishman@shawfishman.com
mradtke@shawfishman.com

*Counsel for the Debtor*

{11106-001 APPL A0411553.DOCX}

# CERTIFICATE OF SERVICE

Mark L. Radtke certifies that he caused to be served the above and foregoing notice and attached motion upon the following list in the manner so indicated on this 8th day of July, 2015.

*/s/ Mark L. Radtke*

**Mailing Information for Case 14-41230**

**Electronic Mail Notice List**

- Paul M Bauch pbauch@bauch-michaels.com, smohan@bauch-michaels.com
- Stephen T. Bobo sbobo@reedsmith.com
- Aaron B Chapin achapin@reedsmith.com
- Robert M Fishman rfishman@shawfishman.com, kjanecki@shawfishman.com
- Kenneth Flaxman kflaxman@joycelaw.com, etjfirmdocket@yahoo.com; ycameron@joycelaw.com; jschrader@joycelaw.com
- David J. Gold dgold@perkinscoie.com, jmatamoros@perkinscoie.com
- Edward T Joyce ejoyce@joycelaw.com, ycameron@joycelaw.com; jschrader@joycelaw.com; jdoherty@joycelaw.com; etjfirmdocket@yahoo.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Andrew J. Maxwell maxwellawchicago@yahoo.com; trustee@maxwellandpotts.com; cjcapo@maxwellandpotts.com; marchfirst_trustee@hotmail.com
- Kenneth A. Michaels, Jr kmichaels@bauch-michaels.com, pbauch@bauch-michaels.com
- Mark L Radtke mradtke@shawfishman.com, jbunton@shawfishman.com
- Mark S Reiser mreiser@shawfishman.com, mlites@shawfishman.com
- Carolina Y Sales csales@bauch-michaels.com
- Jeffrey Sobek jeffs@jsslawoffices.com
- Daniel A Zazove docketchi@perkinscoie.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HORIZON GROUP MANAGEMENT, LLC, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | Case No. 1:14-bk-41230 |
| | ) | |
| | ) | Hearing Date: July 29, 2015 |
| | ) | Hearing Time: 10:00 a.m. |

**COVER SHEET FOR FIRST AND FINAL APPLICATION
OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR,
FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT
<u>OF EXPENSES AND FOR RELATED RELIEF</u>**

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Horizon Group Management, LLC |
| Date of Order Authorizing Employment: | December 10, 2014, effective as of November 14, 2014 |
| Period for Which Compensation is Sought: | November 14, 2014 through May 12, 2015 |
| Amount of Fees Sought: | $84,506.00 |
| Amount of Expense Reimbursement Sought: | $3,026.68 |

This is a(n):  ☐ Interim Application     ☒ Final Application

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Applicant:              Shaw Fishman Glantz & Towbin LLC

Date: July 8, 2015                    By:     /s/ Mark L. Radtke

{11106-001 APPL A0411553.DOCX}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HORIZON GROUP MANAGEMENT, LLC, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | Case No. 1:14-bk-41230 |
| | ) | |
| | ) | Hearing Date: July 29, 2015 |
| | ) | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ
& TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
<u>AND FOR RELATED RELIEF</u>**

Robert M. Fishman and the law firm of Shaw Fishman Glantz & Towbin LLC (collectively, "<u>Shaw Fishman</u>") applies to this Court (the "<u>Application</u>"), pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for the allowance of $84,506.00 in compensation for 186.30 hours of professional Services (the "<u>Services</u>") rendered on behalf of Horizon Group Management, LLC (the "<u>Debtor</u>"), and for the reimbursement of $3,026.68 for expenses (the "<u>Expenses</u>") incurred incidental to the Services during the period of November 14, 2014 through May 12, 2015 (the "<u>Application Period</u>"). In support of this Application, Shaw Fishman respectfully states as follows:

**<u>BACKGROUND</u>**

1.      On November 14, 2014 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the Northern District of Illinois (the "<u>Court</u>") commencing the above-captioned Chapter 11 case (the "<u>Case</u>").

2.      The Debtor is a family-owned and operated apartment leasing and property management company. As of the Petition Date, it employed 28 salaried and 63 hourly employees

{11106-001 APPL A0411553.DOCX}

and managed approximately 25 properties. The Debtor's operations included managing the properties and entering into lease agreements as agent for the property owners.

3. On January 8, 2015, Class Counsel[1] filed a motion to examine the Debtor and various third parties under Bankruptcy Rule 2004 [Docket No. 35] (the "Rule 2004 Examinations"). The Court entered orders on January 13, 2015, February 11, 2015 and April 16, 2015 authorizing Class Counsel's requested 2004 Examinations.

4. After consideration of various alternatives, the Debtor's Manager determined that the sale of the Debtor's operating assets to an entity formed and established by Jeff Michael both maximized the value of the Debtor's assets and provided the best opportunity to preserve the jobs of its 91 employees. On February 27, 2015, the Debtor filed its motion to authorize the sale of substantially all of its assets and to assume and assign certain executory contracts [Docket No. 49] (the "Sale Motion").

5. On April 1, 2015, the Court granted the Sale Motion [Docket No. 64] (the "Sale Order"). On April 15, 2015, Class Counsel filed their motion to alter or amend the Sale Order [Docket No. 71] (the "Motion to Amend"). The parties have submitted opposing briefs regarding the Motion to Amend.

6. On March 12, 2015, Class Counsel filed their Motion to Dismiss Chapter 11 Case and to Shorten and Limit Notice [Docket No. 55] ("Motion to Dismiss"), seeking to dismiss the Case as a bad faith filing. On April 8, 2015, the Debtor filed its response to the Motion to Dismiss [Docket No. 68] (the "Response").[2]

7. On April 8, 2015, the Debtor filed its motion to convert its Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code [Docket No. 69] (the "Conversion Motion"),

---

[1] The Law Offices of Edward T. Joyce & Associates, P.C. and the Law Offices of Jeffrey S. Sobek, P.C. (collectively, "Class Counsel").

[2] On July 1, 2015, Class Counsel withdrew the Motion to Dismiss.

8. On May 12, 2015, the Case was converted to a case under Chapter 7 of the Bankruptcy Code. Andrew Maxwell was appointed by the United States Trustee as Chapter 7 trustee (the "Trustee").

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF SHAW FISHMAN

10. On December 03, 2014, the Debtor applied to the Court for an order approving the retention of Shaw Fishman as general bankruptcy counsel in connection with the Case and the compensation arrangement related thereto [Docket No. 17] (the "Retention Application").

11. On December 10, 2014, this Court entered an order approving the Retention Application and authorizing the Debtor to employ Shaw Fishman as general bankruptcy counsel in connection with the Case effective as of the Petition Date [Docket No. 19] (the "Retention Order").

## THE SERVICES RENDERED BY SHAW FISHMAN

12. From and after the inception of Shaw Fishman's representation of the Debtor up to and including the present time, Shaw Fishman has served as legal counsel to the Debtor with respect to all bankruptcy matters that have arisen in or with respect to the Case. In connection therewith, Shaw Fishman has provided substantial bankruptcy legal Services to the Debtor, including analysis of the Debtor's assets and liabilities, advising the Debtor with respect to its rights and obligations under chapter 11 of the Bankruptcy Code, drafting and presenting motions to this Court and representing the Debtor in numerous other matters.

13. Attached hereto and made part hereof is <u>Exhibit A</u>, which details all Services and Expenses during the Application Period (the "<u>Invoice</u>").

14. All of the Services for which compensation is requested were rendered in connection with the Case and related matters. All of the time described in the annexed exhibits represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Fishman who rendered the described Services. In certain instances, the time reflected in the exhibits has been reduced in an effort by Shaw Fishman to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive Services.

15. The hourly rates charged by the bankruptcy professionals of Shaw Fishman who worked on the Case and whose time is a part of the Services are as follows:

| **Members** | **Rate** |
|---|---|
| Robert M. Fishman | $695.00 - $710.00 |
| Mark L. Radtke | $450.00 - $460.00 |
| **Counsel** | **Rate** |
| Richard M. Fogel | $465.00 |
| **Associates** | **Rate** |
| John W. Guzzardo | $385.00 |
| Marc S. Reiser | $310.00 - $325.00 |
| **Paralegals** | **Rate** |
| Patricia M. Fredericks | $200.00 |

These rates are based on the experience and expertise of the respective personnel.

16. The Services have required a total of 186.30 hours on the part of Shaw Fishman as more fully set forth in the Invoice. *See* Exhibit A. Based upon the customary and reasonable rates charged by Shaw Fishman for services in cases under the Bankruptcy Code and for services other than services rendered in cases under the Bankruptcy Code, the fair and reasonable value of the Services is not less than $84,506.00 (the "<u>Compensation Request</u>"). All of the Services for

which compensation is requested were Services which, in Shaw Fishman's billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

17.     In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's Services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its Services into separate categories of Services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 23.90 | $10,284.50 |
| Employee Issues | 5.40 | $2,430.00 |
| Motions to Dismiss/Convert | 40.00 | $19,175.00 |
| Plan of Reorganization | 1.80 | $1,028.00 |
| Pre-Petition Litigation | 4.60 | $1,871.00 |
| Retention of Professionals | 4.20 | $1,503.00 |
| Rule 2004 Examination | 41.10 | $19,683.00 |
| Sale of Assets | 41.70 | $21,525.00 |
| Statements and Schedules | 20.00 | $5,768.50 |
| Utility Issues | 3.60 | $1,238.00 |
| **Total** | **186.30** | **$84,506.00** |

18.     The following is a separate description of each of the Shaw Fishman categories, which generally describe the tasks performed.[3] The Invoice provides detailed descriptions of all Services rendered in each of the above categories and the timekeeper, date and amount of time expended in each category.

---

[3] The Application does not describe categories with less than $2,000 in fees. The Invoice sets forth detailed information on these categories.

### Case Administration

Shaw Fishman expended 23.90 hours of professional Services having a value of $10,284.50 in connection with Services pertaining to general case administration. Services rendered by Shaw Fishman in this category generally included, among other things: (a) drafting and presenting first day motions; (b) reviewing and revising the Debtor's monthly operating reports; and (c) advising the Debtor with respect to various Chapter 11 operational issues.

### Motions to Dismiss/Convert

Shaw Fishman expended 40.00 hours of professional Services having a value of $19,175.00 in connection with Services pertaining to the Motion to Dismiss and Motion to Convert. Services rendered by Shaw Fishman in this category generally included, among other things: (a) reviewing and analyzing the Motion to Dismiss; and (b) drafting the Response in opposition to the Motion to Dismiss; (c) drafting, reviewing and revising the Motion to Convert; and (d) attending hearings on the Motion to Dismiss and Motion to Convert.

### Employee Issues

Shaw Fishman expended 5.40 hours of professional Services having a value of $2,430.00 in connection with Services pertaining to employee issues. Services rendered by Shaw Fishman in this category generally included, among other things: (a) drafting and revising wage and cash management motions; (b) analyzing the Debtor's employee and wage issues with representatives of the Debtor; and (c) analyzing and corresponding regarding employee compensation.

### Rule 2004 Examination

Shaw Fishman expended 41.10 hours of professional Services having a value of $19,683.00 in connection with Services pertaining to the Rule 2004 Examinations. Services rendered by Shaw Fishman in this category generally included, among other things:

(a) reviewing and preparing for hearings on the motion for Rule 2004 Examinations; (b) researching the scope of Rule 2004 Examinations and privilege issues; (c) drafting and revising an objection to the motion for Rule 2004 Examinations; (d) reviewing subpoenas and examining requests for documents; (e) communicating with counsel regarding the subpoenas; and (f) coordinating document production with Debtor's representatives in response to subpoenas.

### Sale of Assets

Shaw Fishman expended 41.70 hours of professional Services having a value of $21,525.00 in connection with Services pertaining to the sale of the Debtor's assets. Services rendered by Shaw Fishman in this category generally included, among other things: (a) drafting and reviewing the Sale Motion and Sale Order; (b) negotiating terms of sale with prospective purchaser; (c) drafting, reviewing and revising an asset purchase agreement; (d) analyzing legal issues related to sale of assets; and (e) preparing for and attending hearings on the Sale Motion and Sale Order.

### Statements and Schedules

Shaw Fishman expended 20.00 hours of professional Services having a value of $5,768.50 in connection with Services pertaining to the Debtor's statements and schedules. Services rendered by Shaw Fishman in this category generally included, among other things: (a) preparing the Debtor's schedules and statements; (b) reviewing, and revising the statements and schedules with the Debtor's employees; (c) discussing and incorporating revisions to the statements and schedules; and (d) preparing for and attending the meeting of creditors.

**Summary of Services Rendered By Professional**

In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Total Amount |
|---|---|---|---|---|
| Robert M. Fishman | Member | $695.00 - $710.00 | 18.00 | $12,748.50 |
| Mark L. Radtke | Member | $450 - $460 | 139.50 | $63,778.00 |
| Richard M. Fogel | Counsel | $465.00 | 0.50 | $232.50 |
| John W. Guzzardo | Associate | $385.00 | 1.90 | $731.50 |
| Marc S. Reiser | Associate | $310.00 - $325.00 | 15.00 | $4,735.50 |
| Patricia M. Fredericks | Paralegal | $200.00 | 11.40 | $2,280.00 |

The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing Services to the Debtor in connection with the Case. Further, the amount of time spent by Shaw Fishman with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

Many of the issues presented by the Case have been legally and factually complex. The results of Shaw Fishman' efforts in this regard have inured to the benefit the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the Services; (b) the time spent; (c) the rates charged for such Services; (d) the performance of the Services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the Services based on the compensation charged by comparably skilled

practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

Shaw Fishman has not previously sought compensation as this is the first such application. Shaw Fishman submits that the First Compensation Request is reasonable and requests the entry of an order authorizing compensation for the Services as set forth herein.

## EXPENSES

The actual and necessary costs expended by Shaw Fishman during the Application Period are detailed in the Invoice that is attached as Exhibit "A." The requested reimbursement amount for expenses incurred is $3,026.68. All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients.

The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
| --- | --- |
| Clerk of the Court | $12.00 |
| Conference Call | $26.94 |
| Photocopy | $195.10 |
| Federal Express/Shipping | $422.52 |
| Filing Fees | $1,938.00 |
| Messenger | $58.78 |
| Pacer Research | $18.40 |
| Parking/Taxi | $7.00 |
| Postage | $41.06 |
| Transcripts | $112.00 |
| Westlaw | $194.88 |
| **TOTAL:** | **$3,026.68** |

Photocopy:  Photocopy charges include internal and outsourced copies. Generally, Shaw Fishman makes all copies internally. All internal copies are billed at a rate of $0.10 per page. Where a large copy job may be more efficiently conducted by an outside copying service, Shaw Fishman charges the actual costs for expenses incurred. Outsourced copying Services may include binding or color copying.

Messnger/FedEx/Shipping/Postage. Shaw Fishman seeks reimbursement only for the actual out-of-pocket charges incurred by it for postage, FedEx, messenger and shipping. Postage charges are recorded on a manual log at the time a mailing is done. The amount recorded reflects the total from the postage meter. This category includes out-of-pocket expenses incurred for federal express, shipping and messenger charges.

PACER:  Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court without the necessity of a trip to the courthouse. Shaw Fishman makes no profit on PACER charges but merely passes through its research expenses to the Debtor.

Westlaw: Shaw Fishman utilized Westlaw whenever it was determined that using Westlaw was more cost effective than using traditional or non-computer-assisted legal research. Shaw Fishman contracted with Westlaw for a research package that includes pre-paid access to certain bankruptcy resources, plus an hourly rate for all other usage. Westlaw charges reflect the actual out-of-pocket expense incurred by Shaw Fishman for, where the research falls within the pre-paid bankruptcy research package, actual usage billed at a rate of $2.00 per minute. Shaw Fishman submits that the Westlaw package provides the most cost-efficient means of access computerized legal research, and the lowest cost possible to the client.  Shaw Fishman makes no profit on Westlaw or other legal research expenses.

## PAYMENTS RECEIVED BY SHAW FISHMAN TO DATE

This is Shaw Fishman's first application for compensation and reimbursement of expenses. Before the Petition Date, the Debtor paid Shaw Fishman a prepetition retainer in the amount of $100,000 (the "Retainer"), of which $25,206.36 was used and applied to prepetition services and expenses. The balance of $74,793.64 (the "Balance") has not been applied.

## COMPLIANCE WITH 11 U.S.C. § 504

Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Fishman.

## NOTICE

A copy of this Application has been served upon the United States Trustee and the parties on ECF service list. In light of the nature of the relief requested, Shaw Fishman requests that this Court find the notice provided for herein sufficient and waive and dispense with any further notice requirements.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a) Allows Shaw Fishman $84,506.00 in compensation for the Application Period (the "Fee Request");

(b) Allows Shaw Fishman $3,026.68 in expense reimbursement for the Application Period (the "Expense Request");

(c) Authorizes Shaw Fishman to apply the Balance of the Retainer to the Fee Request and the Expense Request;

(d) Determines that Shaw Fishman has an allowed Chapter 11 administrative claim for all amounts of the Fee Request and Expense Request not paid through application of the Balance;

    (e)    Waives other and further notice of the hearing with respect to this Application; and

    (f)    Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Dated: July 8, 2015

SHAW FISHMAN GLANTZ & TOWBIN LLC

By    /s/ *Mark L. Radtke*

Robert M. Fishman (#3124316)
Mark L. Radtke (#6275738)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Il 60654
Phone: (312) 541-0151
Fax: (312) 980-3888
rfishman@shawfishman.com
mradtke@shawfishman.com

*Counsel for the Debtor*